WESTCHESTER RADIOLOGICAL ASSOCIATES, P.C., et al., Plaintiffs–Appellants,

v.

EMPIRE BLUE CROSS AND BLUE SHIELD, INC., Defendant–Appellee.

No. 1349, Docket 89–7305.

United States Court of Appeals, Second Circuit.

Argued Aug. 31, 1989.

Decided Sept. 14, 1989.

**708**

Daniel P. Levitt, New York City, Reid & Priest (Norton L. Travis, Garfunkel, Wild & Travis, P.C., of counsel), for plaintiffs-appellants.

Robert A. Bicks, New York City, Breed, Abbott & Morgan (Howard S. Wolfson, of counsel), for defendant-appellee.

Vedder, Price, Kaufman & Kammholz, Chicago, Ill. (Paul G. Gebhard, William C. Glynn, of counsel), for American College of Radiology, amicus curiae.

Before FEINBERG and NEWMAN, Circuit Judges, and DUMBAULD, District Judge.*

PER CURIAM:

Plaintiffs-appellants, a majority of the hospital-based radiologists in 17 downstate counties in and around New York City, appeal from an order of the United States District Court for the Southern District of New York, Kimba M. Wood, J., granting the motion for summary judgment of defendant-appellee Empire Blue Cross and Blue Shield, Inc. ("Empire"). Appellants challenge the arrangements between Em-

pire and the downstate hospitals, whereby inpatient radiological services are purchased as part of a package of hospital services, so that radiologists do not bill Blue Cross subscribers directly for their services. Appellants contend that Empire's arrangements with the hospitals violate section 1 of the Sherman Act, 15 U.S.C. § 1, by coercing the hospitals, through the use of monopoly power, to sell the services of appellants radiologists on terms that Empire could not obtain through legitimate bilateral negotiations with appellants. Appellants further contend that Blue Cross insists on so purchasing inpatient radiological services in order to use its leverage in the hospital insurance market to gain a competitive advantage in the medical services insurance market in contravention of section 2 of the Sherman Act. 15 U.S.C. § 2. Appellants finally argue that the court below should not have granted summary judgment because there were issues of fact for a jury.

We affirm for the reasons stated in Judge Wood's well-reasoned opinion, reported at 707 F.Supp. 708.

---

* Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.